UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DEWAUN A. BERRY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-4007-JBM |
| | ) |
| LAPE, *et al.* | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and detained at the Rock Island County Jail ("Jail"), pursues an action under 42 U.S.C. § 1983 against Sheriff Bustos and Captain Lape.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff alleges that all detainees at the Jail wear orange jumpsuits, but he is forced to wear a yellow jumpsuit, which singles him out and indicates that he is charged with a specific crime. He seeks compensatory and punitive damages, along with an injunction ordering Defendants to stop discriminating against him by forcing him to wear a yellow jumpsuit, leg irons, and handcuffs.

The Constitution does not require that detainees receive "optimal treatment." *West v. Schwebke*, 333 F.3d 745, 748 (7th Cir. 2003). The Constitution requires that detainees be housed under "humane conditions" and provided with "adequate food, clothing, shelter, and medical care." *Sain v. Wood*, 512 F.3d 886, 893-94 (7th Cir. 2008). The fact that "detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Bell v. Wolfish,* 441 U.S. 520, 537 (1979). Plaintiff does not allege any harm that resulted from wearing the yellow jumpsuit, handcuffs, or leg irons, other than a general stigmatizing effect. This does not rise to the level of a constitutional violation.

He also does not claim that Captain Lape or Sheriff Bustos were present or participated in the alleged events. Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (internal quotations and citations omitted). Lape and Bustos are DISMISSED, without prejudice.

**IT IS THEREFORE ORDERED:**

Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this Order in which to file an amended complaint. The pleading is to be captioned "Amended Complaint" and is to state all of Plaintiff's claims against all Defendants without reference to a prior pleading. Piecemeal amendments are not accepted. Failure to file a timely amended complaint will result in the dismissal of this case, without prejudice.

ENTERED:  March 23, 2022

s/ Joe Billy McDade
Joe Billy McDade
United States District Judge
